IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MONTGOMERY CARL AKERS,**
**Inmate #02866-081,**

      **Petitioner,**

                              No. 11-cv-00103-DRH

**vs.**

**LISA J.W. HOLLINGSWORTH,**

      **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This case is before the Court on petitioner Montgomery Carl Aker's writ of habeas corpus, filed on February 7, 2011. Petitioner, an inmate in the Federal Correctional Institution in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. §2241, seeking injunctive relief allowing him to communicate with his attorney in connection with his challenge to his November 2006 conviction and sentence in the United States District Court of Kansas. Petitioner was convicted of wire fraud and was sentenced to 327 months imprisonment. Petitioner's conviction was affirmed on appeal to the Court of Appeals, Tenth Circuit, and he asserts that respondent's restrictions on his contact with his attorney caused him to miss the deadline to file his writ of *certiorari* with the United States Supreme Court (Doc. 1, p. 7).

      Petitioner is not challenging his conviction or sentence in the instant action, nor is he seeking to be released from custody. Instead, he characterizes the action

as an "emergency motion for injunctive relief" to allow him meaningful access to the courts (Doc. 1, p. 7). Petitioner alleges that prison officials denied him all contact with his attorney from his arrival at USP-Marion on November 19, 2010, through December 23, 2010, and thereafter only allowed petitioner to contact his attorney by regular mail, not by telephone or electronic mail. He requests an order allowing him privileged, unmonitored, meaningful contact with his attorney; preventing prison staff from rejecting his attorney's correspondence; and enjoining the Bureau of Prisons from denying him the right to access and sell his legitimate assets, by phone or mail, in order to fund his legal expenses.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the U.S. Dist. Cts, R. 4 (2010). Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed. *Id.* at R. 1(b).

At the outset, this Court must independently evaluate the substance of petitioner's claims to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (stating that court must evaluate

independently the substance of the claim being brought, to see if correct statute is being invoked). Petitioner's complaint over the prison's restrictions on contact with his attorney, and the alleged denial of his access to the courts which resulted, is essentially a challenge to the conditions of his confinement. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 352-53 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977) (violations of the right to access the courts may be vindicated in a civil rights action pursuant to § 1983); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Any challenge to the conditions of a prisoner's confinement must be brought in a civil rights action under 42 U.S.C. § 1983. *Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991)

The federal habeas corpus statute cannot be used to challenge conditions of confinement; instead, it is used to attack the fact or duration of an inmate's confinement in prison by seeking an immediate or speedier release from custody. *See* 28 U.S.C. § 2241(c)(3); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Graham*, 922 F.2d at 381 (7th Cir. 1991) (a habeas petition is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation.").

While in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see*, *e.g., Graham*, 922 F.2d at 381-82

(collecting cases), in more recent cases, the Seventh Circuit has held that district courts should not do this. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate to recast petitioner's action here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, petitioner is responsible for paying a much higher filing fee. Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the Civil Rights Act. Should petitioner wish to further pursue his complaint over his access to the courts, he must file a civil rights action.[1] Nothing in this order should be construed as an opinion as to the merits of such a claim.

Therefore, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED**.
Signed this 21st of September, 2011.

Digitally signed by
David R. Herndon
Date: 2011.09.21
11:37:16 -05'00'

**Chief Judge**
**United States District Court**

---

[1] Should petitioner wish to file any future civil action, he must pre-pay the filing fee unless he can show that he is in imminent physical danger, because he has already accumulated more than three "strikes" pursuant to 28 U.S.C. § 1915A for filing actions dismissed as frivolous, malicious, or for having failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *Akers v. Vratil,* Case No. 05-cv-03080-GTV (D. Kan.) (dismissed March 24, 2005); *Akers v. Martin,* Case No. 06-cv-03175-SAC (D. Kan.) (dismissed July 12, 2006); *Akers v. Rokusek,* Case No. 08-cv-00725-H-WMC (S.D. Cal.) (dismissed April 25, 2008); *Akers v. Keszei,* Case No. 08-cv-00334-JL (D. N.H.) (dismissed April 16, 2009); and *Akers v. Crow,* Case No. 09-cv-03037-RDR (D. Kan.) (dismissed March 2, 2009); *see also Akers v. Roal*, Case No. 11-cv-622-MJR (S.D. Ill.) (filed July 20, 2011) (Doc. 9) (ordering petitioner Akers to pay civil filing fee in full).